UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE E. STRASSER,

                    Plaintiff,

          v.                                        Case No.   21-C-1257

FARZANEH MASOOL TONDKAR, et al.,

                    Defendants.

## DECISION AND ORDER

Plaintiff Jamie E. Strasser is a prisoner who is representing himself in this 42 U.S.C. §1983 action.  On January 6, 2022, the Court screened Strasser's complaint and allowed him to proceed on Eighth Amendment claims against Defendants Farzaneh Masool Tondkar, Daniel Lavoie, and Hannah Utter.  Dkt. No. 11.  On February 24, 2022, Strasser filed a proposed amended complaint, but it is not clear why.  The factual allegations in his proposed amended complaint are nearly identical to the allegations in his original complaint.  *Compare* Dkt. No. 16 at 3 with Dkt. No. 1 at 2-3.  Because the Court already concluded that these allegations state a claim against Defendants, it would be futile and unnecessarily delay this action to allow Strasser to amend his complaint in the way he proposes.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend need not be given in the face of apparent reasons such as undue delay or futility of the amendment). Accordingly, to avoid confusion, the Court will strike the proposed amended complaint.  Strasser's original complaint remains the operative complaint.

The Court notes that in his proposed amended complaint, Strasser specifies that he is seeking punitive damages and "any other additional relief this Court deems appropriate."  Dkt. No.

16 at 4-5. Strasser's original complaint did not specifically request punitive damages, but generally, "[a] plaintiff is not required to itemize his damages claims in his complaint" because under Fed. R. Civ. P. 54(c), every final judgment other than a default judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." *King v. Chapman*, No. 09-C-1184, 2014 WL 7450433, at *3 (N.D. Ill. Dec. 30, 2014) (finding it unnecessary for a plaintiff to specifically plead punitive damages). In any event, Defendants are now on notice that the general request for damages in Strasser's original complaint includes a request for punitive damages.

If Strasser would like to amend his complaint in the future, he must comply with Civil L. R. 15. Under that rule, a plaintiff must file a motion for leave to file an amended complaint. The motion must state specifically what changes are sought by the proposed amended complaint, and the plaintiff must attach the proposed amended complaint to the motion. Strasser should not combine the motion and the proposed amended complaint in a single filing as he did in his current proposed amended complaint.

Finally, on February 28, 2022, Strasser filed a motion to use funds from his release account to pay the remainder of the filing fee. The Prison Litigation Reform Act applies to this case because Strasser was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a general account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the

release account, federal courts do not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Although federal courts will often allow a plaintiff to pay the initial partial filing fee with funds in his release account, they do not deem it prudent to allow a plaintiff to significantly deplete the value of his release account by paying the full filing fee from that account. Accordingly, the Court will deny Strasser's motion.

Therefore, for the reasons stated, the Court **STRIKES** Strasser's proposed amended complaint (Dkt. No. 16) and **DENIES** his motion to use funds from his release account to pay the remainder of the filing fee (Dkt. No. 18).

Dated at Green Bay, Wisconsin this 3rd day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3