UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE E. STRASSER,

        Plaintiff,

        v.                                      Case No. 21-C-1257

FARZANEH MASOOL TONDKAR, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Jamie E. Strasser is currently representing himself in this 42 U.S.C. §1983 case. This matter is before the Court on Defendant Farzaneh Masool Tondkar's motion to dismiss. The Prison Litigation Reform Act (PLRA) applies to this case because Strasser was a prisoner when he filed his complaint. The PLRA requires that, before a prisoner's complaint is served on a defendant, the Court must review the complaint and identify cognizable claims or dismiss the complaint or any portion thereof that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915A. In determining whether a complaint states a claim, the Court applies the same standard that applies to a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The Court construes "*pro se* complaints liberally, holding them to a less stringent standard than pleadings drafted by lawyers." *Id.* (citing *Perez v. Fengolio*, 792 F.3d 768, 766 (7th Cir. 2015)).

On January 6, 2022, the Court reviewed Strasser's complaint and concluded that it states Eighth Amendment deliberate indifference claims against Defendants Farzaneh Masool Tondkar, Daniel La Voie, and Hannah Utter. Strasser alleges that Drs. Tondkar and La Voie stopped his

pain medication "for no reason." He also asserts that he began to have increased pain all over his body, so he asked them to give him different pain medication, but they refused even though they knew the pain medication he was then taking was ineffective. In the screening order, the Court explained that allegations that Defendants canceled his pain medication for no reason and persisted in treatment they knew to be ineffective were sufficient to state a deliberate indifference claim. *See* Dkt. No. 11 at 3 (citing *Petties v. Carter*, 836 F.3d 722, 727-30 (7th Cir. 2016)).

On February 10, 2022, after the Wisconsin Department of Justice refused to accept service on behalf of Dr. Tondkar, the Court transmitted Strasser's complaint to the U.S. Marshal Service for service upon Dr. Tondkar. On April 11, 2022, Dr. Tondkar executed a waiver of service form, acknowledging that she was required to answer or serve a motion under Fed. R. Civ. P. 12 by May 16, 2022. Dkt. No. 24. On May 12, 2022, Dr. Tondkar, who is representing herself, filed a letter addressing some of Strasser's allegations, but her letter did not comply with Fed. R. Civ. P. 8(b) and so was insufficient to be considered a responsive pleading. The Court ordered Dr. Tondkar to file a responsive pleading by June 13, 2022. Dkt. No. 26.

The deadline passed, and Dr. Tondkar did not file a responsive pleading to Strasser's complaint, nor did she ask for more time to do so or explain why she was unable to do so. The Court scheduled a telephonic status conference for July 19, 2022, to explore why Dr. Tondkar had failed to respond to Strasser's complaint and to discuss next steps. A few days before the hearing, a friend of Dr. Tondkar informed the Court that Dr. Tondkar was out of the country and would be unable to participate in the hearing. The Court rescheduled the telephonic status conference for August 18, 2022.

On August 8, 2022, Dr. Tondkar filed a motion to dismiss based on Strasser's alleged failure to state a claim, and she filed an answer to Strasser's complaint. Dr. Tondkar did not

explain why she failed to respond to Strasser's complaint by the Court's June 13, 2022 deadline, nor did she explain why she failed to keep the Court informed of her whereabouts.

As an initial matter, the Court notes that Dr. Tondkar failed to file certificates of service confirming that she mailed copies of her motion and answer to Strasser. As the Court already informed Dr. Tondkar, Strasser is not served electronically through the Court's electronic case filing system, so she must serve Strasser with all filings by mailing a copy of the filings to him. *See* Dkt. No. 26. Dr. Tondkar must also file a certificate of service along with every filing showing that she properly served Strasser with the filing. *See* Fed. R. Civ. P. 5(d)(1).

Next, the Court will deny Dr. Tondkar's motion to dismiss. The Court explained in its screening order why Strasser's allegations are sufficient to state a claim. Fed. R. Civ. P. 8 requires only a short, plain statement providing a defendant with notice of what she did or did not do to violate the plaintiff's rights. Strasser alleges that Dr. Tondkar failed to exercise professional judgment when she canceled his medication and that she refused to consider other treatments even after he told her the medication he was taking was ineffective to address his pain. Dr. Tondkar asserts that Strasser was not entitled to the treatment of his choice, but she ignores that Strasser does not merely disagree with the treatment he received but instead alleges she made no effort to provide him with effective pain medication despite him telling her that he was in significant pain and the medication he was taking was not working. At this early stage of the case, Strasser's allegations are sufficient for him to proceed with his claim.

Finally, the Court thinks it prudent to keep the telephonic status conference scheduled for August 18, 2022, at 3:30 p.m. Dr. Tondkar should come prepared to explain why she disregarded the Court's order requiring her to file a responsive pleading by June 13, 2022, and whether she has informed the agency that employed her at the relevant time of this lawsuit. Further, the parties

3

should consider whether they believe adjustments to the current scheduling order are needed. As a reminder, discovery is set to close on November 7, 2022, and dispositive motions must be filed by December 7, 2022.

**IT IS THEREFORE ORDERED** that Dr. Tondkar's motion to dismiss for failure to state a claim (Dkt. No. 33) is **DENIED**.

Dated at Green Bay, Wisconsin this 15th day of August, 2022.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge